UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>CHRISTOPHER THOMAS KEGLER,<br><br>Movant. | No.  2:15-cr-0106 MCE CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Pursuant to a plea agreement, movant is serving concurrent sentences of 75 months imprisonment for possession with the intent to deliver methamphetamine and being a felon in possession of a firearm, to be served consecutively to the sentence imposed in 2:15-cr-0089 MCE, for a total term of 210 months.  Judgment was entered on April 20, 2017.  As permitted under the terms of his plea agreement, movant appealed to the Ninth Circuit Court of Appeal regarding the denial of his motion to suppress.   The Ninth Circuit affirmed the district court's judgment on September 28, 2018, and the mandate issued on October 19, 2018.  Respondent moves to dismiss movant's § 2255 motion.

In his motion, movant argues he was subjected to ineffective assistance of counsel in violation of the Sixth Amendment in preparation for and during the hearing on his motion to suppress.  Movant also argues that the same counsel was ineffective during appeal.

1

As for movant's claims regarding counsel's performance before and during the suppression hearing, it is clear that movant is not entitled to relief. The types of claims a prisoner may assert to challenge a guilty plea and the resulting sentence are substantially more limited than the types of claims which may be brought after a trial by jury:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no relationship to the prosecutor's business (e.g. bribes).

Brady v. United States, 397 U.S. 742, 755 (1970).

More generally, claims which do not concern whether the prisoner entered his plea voluntarily and intelligently are rarely cognizable in any federal habeas action. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). This is because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Because movant's claims concerning trial counsel's performance regarding the motion to suppress do not amount to challenges as to the voluntary and intelligent nature of the entry of movant's plea, those claims must be dismissed.

As for movant's claims concerning counsel's performance on appeal, the court agrees with respondent that those claims were waived by movant in his plea agreement which included a waiver of his right to file a § 2255 motion except as to claims which could not be waived. Generally speaking, the waiver of the right to file a § 2255 motion is enforceable as long as the waiver is made knowingly and voluntarily. Davies v. Benov, 856 F.3d 1243, 1246-47 (9th Cir. 2017). Claims that the plea itself was either involuntary or unintelligent may not be waived. See id. at 1247.

/////

Movant's claims as to counsel's conduct on appeal are claims that could be waived because those claims do not call into question whether movant's plea of guilty was knowing or voluntary. In his opposition to respondent's motion, movant claims that his general wavier of his right to file a § 2255 motion was conditioned on his ability to still pursue an ineffective assistance of counsel claim regarding trial counsel's handling of the suppression hearing as a claim that could not be waived. Whatever movant believed as to what he could present in a § 2255 motion, his waiver could not have been predicated on his ability to assert his ineffective assistance of appellate counsel claims because those claims had not yet accrued. Further, the court finds that the suggestion that movant believed he was preserving the ability to raise any ineffective assistance of counsel claim which might arise in the future when he pled guilty is not reasonable.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 72) be granted;

2. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 64) be dismissed; and

3. The Clerk of the Court be directed to close 2:20-cv-00408 MCE CKD P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

/////

/////

/////

3

specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 2, 2021

                                            */s/ Carolyn K. Delaney*
                                            CAROLYN K. DELANEY
                                            UNITED STATES MAGISTRATE JUDGE

1
kegl0106.257

4